The State of Ohio, Appellee, *v.* Ehling, Appellant

(No. 277—Decided August 20, 1973.)

Appeal: Court of Appeals for Clinton County.

*Mr. Daniel W. Drake* and *Mr. Ronald J. McHenry,* for appellee.
*Mr. Hugh D. Holbrock,* for appellant.

Hess, P. J. This is an appeal on questions of law from the judgment of the Wilmington Municipal Court, Clinton County, Ohio, in which defendant, appellant herein, was found guilty of a violation of R. C. 5577.04.

The facts in this case are not in dispute. On February 8, 1972, at approximately 4 P. M., defendant was driving a dump truck on U. S. Route 68 south. His vehicle was observed and followed by patrolman Brackney of the state highway patrol and Mr. Custis, a field inspector for the state highway patrol. Defendant was stopped by patrolman Brackney at the state highway garage on U. S. Route 68 south and was asked to display his driver's license and bills for the load being carried in his vehicle.

Defendant was instructed to back his vehicle up to a designated area for the purpose of being weighed. Portable

scales were placed in position and defendant was instructed to drive his vehicle on to the scales.

After several unsuccessful attempts to drive his vehicle onto the scales, defendant informed the patrolman that he was having trouble with the rear end of his truck and would not make any further attempts. However, after receiving word from his employer, defendant again attempted to pull his truck onto the scales, but went over the scales and off the other side making it necessary to back up the truck and reposition the scales. Defendant finally succeeded in positioning his vehicle on the scales and it was weighed and determined to be overloaded, whereupon patrolman Brackney issued a citation to defendant charging him with violation of R. C. 5577.04.

At the trial of this cause, patrolman Brackney testified that his sole purpose and duty that day was to weigh trucks; that his only reason for stopping defendant's vehicle was because his assignment that day was to weigh trucks; that appellant had not violated nor was he in the process of violating any other laws at the time he was stopped; and that he could not tell what was in defendant's truck until after he stopped it and observed its contents.

Defendant was found guilty of violating R. C. 5577.04, and it is upon this state of the record that this appeal is taken.

Defendant's single assignment of error states as follows: "The court's judgment finding the defendant guilty was against the manifest weight of the evidence." Upon hearing of this cause, counsel for the defendant requested that this court consider his three propositions of law in support of his single assignment as his assignments of error. There being no objection thereto, this court granted this request and will consider appellant's three propositions of law as his assignments of error in the sequence presented in appellant's brief.

In his first assignment of error, defendant contends that "in a prosecution for violation of Ohio Revised Code 5577.04, the state is required to show and prove the circumstances and events which gave the arresting officer reason to

believe that the defendant was operating a truck in an overloaded condition contrary to the Ohio Revised Code 5577.04.''

R. C. 4513.33 provides in part:

''Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing of it by means of a compact, self-contained portable sealed scale specially adapted to determining the wheel loads of vehicles on highways * * *.''

This section was construed by the Fifth District Court of Appeals, Delaware County, Ohio, in the unreported case of *State* v. *Hart*, Case No. 409. The court stated in its opinion as follows:

''It is not in dispute * * * that the authority of the highway patrol, the sheriff and other police officers 'invested with the authority to direct * * etc. traffic' (G. C. 4511.-02) to stop trucks and require them to submit to weighing arises from Section 4513.33 of the Revised Code * * *. It is clear and undisputed in the record that the officer who ordered Hart to drive on the scales neither had nor claimed to have any 'reason to believe' that Hart's vehicle and its load were in any respect unlawful. That such 'reason to believe' was put into this section for a purpose can hardly be open to question. If it were not there, empty vehicles passing this location several times a day could be required to stop and be weighed each time, which certainly would be a futile, meaningless gesture.''

In the instant case, the record fails to reveal any evidence tending to establish that patrolman Brackney had ''reason to believe'' that defendant's truck was overloaded or being operated in an unlawful manner. It follows that the original stopping of defendant's truck was unauthorized and that therefore his subsequent arrest for a violation of R. C. 5577.04 was invalid.

Plaintiff argues that the obvious intent of the legislature here is to control the weight of vehicles on the highway; that the only way to determine if a vehicle is overweight is to stop it and weigh it; and that to require prior

knowledge of the weight of the vehicle would prevent enforcement of the overload statutes. Plaintiff contends that R. C. 4513.33 should be construed by this court to allow the appropriate authorities to stop and weigh vehicles without first having a reason to believe that the weight of a vehicle and its load is unlawful.

Such a construction by this court would be contrary to the express language contained in the statute and would clearly be contrary to the intent of the legislature. This court is of the opinion that the construction of R. C. 4513.-33, by the Fifth District Court of Appeals in *Hart, supra,* is correct. Defendant's first assignment of error is well taken.

Defendant claims in his second assignment of error that the state failed to prove beyond a reasonable doubt that the portable scales used in weighing defendant's vehicle were properly balanced and calibrated prior to the weighing. Defendant argues that the scales were balanced at the time when originally placed under defendant's vehicle, but were not rebalanced after such vehicle had passed over the scales, necessitating their repositioning. There is evidence that the portable scales were again checked and found to be properly balanced and leveled immediately after defendant's truck was weighed. Defendant's second assignment of error is not well taken.

In his third assignment of error, defendant argues that the failure of the arresting officer to comply with the provisions of R C. 5577.14, dealing with immediate notification of the owner of a vehicle involved in a violation of R. C. 5577.04, renders the arrest of the driver totally invalid. It is admitted that patrolman Brackney failed to notify the owner of the appellant's vehicle in writing as required by R. C. 5577.14. The record reveals, however, that appellant's firm was contacted at the time appellant was detained. The failure of the arresting officer to notify appellant's firm in writing had no effect upon the validity of defendant's arrest. Defendant was not prejudiced thereby, or prevented from having a fair trial. This omission,

in the instant case, was harmless error. Defendant's third assignment of error is not well taken.

It is, therefore, the order of this court that the judgment of the Wilmington Municipal Court, Clinton County, Ohio, be, and the same hereby is, reversed and the appellant discharged.

*Judgment reversed.*

SHANNON and PALMER, JJ., concur.