THE STATE OF OHIO *v.* HRICIK.

(No. 84 TRD 2136 — Decided April 10, 1985.)

Ashtabula County Court, Eastern Division.

*Gregory Brown,* prosecuting attorney, and *Michael Franklin,* for plaintiff.

*Kenneth L. Piper,* for defendant.

YOST, J. This case came on for trial on February 28, 1985. Defendant, John R. Hricik, was present with his counsel, Kenneth L. Piper. The state of Ohio was represented by assistant prosecutor Michael Franklin. The court received the testimony of the arresting officer, Trooper Westover, and of Trooper Stockdale, who performed the actual weighing of defendant's vehicle. At the close of the state's evidence, defendant made a motion for acquittal, pursuant to Crim. R. 29. Because defendant's motion raised certain significant legal questions, the motion was taken under advisement and the trial continued, pending ruling on the motion.

The evidence in this case has raised several significant issues, including one of probable cause to stop defendant. The arresting officer testified that defendant was stopped solely upon his observation that the vehicle appeared to be overweight, although the officer conceded that he had no way to tell from his observations whether this vehicle was probably overweight, or fully loaded, but within legal limits. Without some other lawful basis for stopping the defendant, it would seem that the trooper's observation would have to include some specific facts which tended to make it probable that this vehicle was, in fact, illegally overloaded. *State* v. *Ehling* (1973), 36 Ohio App. 2d 155 [65 O.O.2d 248].

Another substantial issue is the interpretation of R.C. 5577.99, concerning whether any penalties may be imposed for a vehicle overload violation, where the evidence clearly demonstrates that the defendant is not in violation of the axle load law, although he is in apparent violation of the gross overload provision.

There were also certain technical issues raised, and as a result of the court's ruling on these latter issues, the above substantive issues will not be reached. First of all, the court finds that the state has failed to demonstrate compliance with the requirements of *State* v. *Reiger* (1978), 63 Ohio App. 2d 135 [17 O.O.3d 332]. That decision clearly holds that R.C. 4513.33 requires the elevation measurement and tolerance calculation to be performed individually for every vehicle before that vehicle can be properly weighed with portable scales. The trooper in the instant case testified that he did check the entire area within which defendant's truck was weighed and that all the trucks weighed on that occasion were weighed in that same area. Although the dissenting opinion in *Reiger, supra,* seems more logical, the holding is controlling.

Defendant also argues that the state has failed to demonstrate that the scales used in his case were properly sealed, within the statutory requirement, citing *State* v. *Gribble* (1970), 24 Ohio St. 2d 85 [53 O.O.2d 222]. In *Gribble,* the officer testified that the scales had a seal, but the Supreme Court held this was insufficient since the seal was not described as official and of the type customarily used by the sealers enumerated in R.C. 4513.33. In the instant case, the state did not present testimony so describing

seals on the scales in question. The holding of *Gribble, supra,* is hypertechnical, but is, nonetheless, a decision of our Supreme Court. In this case, the state did offer affidavits certifying that nine of the scales used were examined by the State Sealer of Weights and Measures, within the preceding year, and were found to conform to standards, within the meaning of R.C. 4513.33. This court holds that such evidence is sufficient to meet the requirements of R.C. 4513.33, although under *Gribble,* the state could also meet this requirement by simply presenting testimony that there was a proper seal affixed to each of the scales. However, in this case, the state was only able to provide affidavits as to nine of the scales used. There were ten scales used to weigh defendant's vehicle. Without the required foundational evidence regarding the accuracy of all of the scales, defendant's motion for acquittal must be granted.

Either or both of the above holdings by this court would require a ruling for the defendant. The motion for acquittal is therefore sustained.

*Motion for acquittal sustained.*