OPINION
{¶ 1} The defendant-appellant, Thomas Mann ("Mann"), appeals the January 7, 2005 Judgment Entry and sentence of the Municipal Court of Fostoria, Ohio.
 {¶ 2} On August 12, 2004, Mann was cited for operating a gross overweight vehicle which is a violation pursuant to R.C. 5577.04(E). Mann was stopped by an Ohio State Highway Patrol officer on Route 23, near mile post 10. After stopping Mann, the officer called another trooper, Trooper Shane Edwards ("Trooper Edwards") of the Ohio State Highway Patrol, to inspect and weigh Mann's vehicle. Trooper Edwards contacted Raymond Rettig ("Rettig"), a portable load limit inspector of the Ohio State Highway Patrol, to weigh Mann's vehicle. Rettig found a level spot about half a block from where Mann was stopped to set up the stationary scales within the standard two-inch tolerance per eight foot. The truck was moved to the level spot, the scales were set up and the truck was weighed on the scales. The levels were rechecked by Rettig and the weight of each scale was read and recorded by Trooper Edwards in the form of the portable scale weight record. Trooper Edwards then issued the citation to Mann for operating an overweight vehicle pursuant to R.C. 5577.04(E).
 {¶ 3} On August 23, 2004, Mann filed a written entry of plea, a waiver of time and a request for pretrial. A telephone pre-trial conference was held regarding this matter on September 13, 2004. On November, 23, 2004, a trial was held where testimony was taken and evidence was produced by the State. Testimony was given by Rettig and Trooper Edwards; however, no testimony was given by the trooper who stopped Mann's vehicle. At the end of the trial, Mann moved that the case be dismissed based upon the State's failure to prove the circumstances and events that gave the officer who initially stopped Mann's vehicle reason to believe that Mann was operating his truck in an overloaded condition in violation of R.C.5577.04. The court took the case under advisement and gave counsel for Mann and the State the opportunity to file written briefs. Mann filed a post-trial brief on December 7, 2004. The State filed a response to Mann's post-trial brief on December 14, 2004. Mann elected not to file a rebuttal to the State's brief. On January 7, 2005, a judgment entry was issued that rendered a judgment in favor of the State. Mann was then sentenced to a fine of $1,393.00 plus court costs on February 15, 2005.
 {¶ 4} On March 9, 2005, the defendant-appellant filed a notice of appeal raising the following assignment of error:
THE [MUNICIPAL COURT OF FOSTORIA, OHIO] ERRED IN DENYING DEFENDANT'SMOTION TO DISMISS AS THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OFTHE CASE AGAINST THE DEFENDANT.
 {¶ 5} Mann specifically claims that the State must prove the circumstances and events that gave the officer who stopped Mann's vehicle reason to believe that Mann was operating a truck in an overloaded condition in violation of R.C. 5577.04. Thus, Mann is claiming that the State must prove the officer's "reason to believe" that the vehicle is overloaded pursuant to R.C. 4513.33 as an element of the violation of R.C. 5577.04.
 {¶ 6} Pursuant to R.C. 5577.04(E),
(E) . . . the maximum overall gross weight of vehicle and load imposedupon the road surface shall not exceed eighty thousand pounds.
If a vehicle does exceed the eighty thousand pounds, then the driver has committed a violation of R.C. 5577.04(E). R.C. 4513.33 states:
Any police officer having reason to believe that the weight of avehicle and its load is unlawful may require the driver of said vehicleto stop and submit to a weighing of it by means of a compact,self-contained, portable, sealed scale specifically adapted todetermining the wheel loads of vehicles on highways . . .
 {¶ 7} The Municipal Court of Fostoria, Ohio did agree with Mann that stopping a vehicle without having an articulable and reasonable suspicion of unlawful activity would be an unlawful stop/seizure in violation of the Fourth Amendment to the United States Constitution. Delaware v.Prouse, 440 U.S. 648 (1979); Terry v. Ohio, 392 U.S. 1 (1968). However, the Municipal Court of Fostoria, Ohio stated correctly, as did the State in its response to Defendant's post-trial brief, that Traffic Rule 11(B)(2)(a) and Traffic Rule 11(F) requires any defense that is based upon an argument of illegally obtained evidence must be made by a motion to suppress before trial and that failure to do so constitutes a waiver of that defense.
 {¶ 8} Traffic Rule 11(B) states:
Any defense, objection, or request which is capable of determinationwithout the trial of the general issue may be raised before plea or trialby motion. . . . (2) The following motions and requests must be madebefore trial: (a) Motions to suppress evidence, including but not limitedto identification testimony, on the ground that it was illegallyobtained . . .
Moreover, Traffic Rule 11(F) states:
Failure by the defendant to raise defenses or objections or to makemotions and requests which must be made prior to plea, trial, . . . shallconstitute waiver thereof . . .
Mann's underlying argument is that the Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution prohibit unreasonable searches and seizures. Traffic Rule 11(B)(2)(a) clearly states that Mann must raise the issue prior to trial by way of a motion to suppress. Mann's failure to do so results in his waiver of that defense pursuant to Traffic Rule 11(F) and therefore prevents him from raising the issue at trial.
 {¶ 9} Mann cites State v. Ehling (1973), 36 Ohio App.2d 155
in which the 12th District Court of Appeals held:
Where, in a trial of one charged with violating R.C. 5577.04 (loadlimits on highways), no evidence is produced to show that the arrestingofficer had a reason to believe a vehicle was being operated in anunlawful manner, as required by R.C. 4513.33 (weighing of vehicle), aconviction is invalid. The Municipal Court of Fostoria, Ohio correctly noted that Mann's reliance on State v. Ehling, for the proposition that the issue of unlawful stop and seizures may be raised at trial is misguided because Ehling is based upon facts occurring on February 8, 1972, and was decided by the Twelfth Appellate District on August 20, 1973, which was prior to the adoption of the Ohio Traffic Rules by the Supreme Court of Ohio pursuant to the Modern Courts Amendment to the Ohio Constitution and which went into effect on January 1, 1975. The Ohio Traffic Rules obviously did not apply to the Ehling case, but they do apply to this case.
 {¶ 10} Based on the foregoing, we hold that the Municipal Court of Fostoria, Ohio did not err in denying Mann's Motion to Dismiss based on Mann's claim that the State failed to prove an essential element of the case against Mann. The assignment of error is overruled, and the judgment of the Municipal Court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, JJ., concur.